UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GANNETT SATELITE INFORMATION NETWORK, LLC d/b/a USA TODAY,<br><br>Plaintiff,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Civil Action No. 26-2560 (CRC) |

**ANSWER TO COMPLAINT**

Defendants U.S. Department of Homeland Security ("DHS") and its component U.S. Immigration and Customs Enforcement ("ICE") (collectively, "Defendants"), by and through undersigned counsel, hereby answer the Complaint filed by Plaintiff Gannett Satellite Information Network, LLC d/b/a USA TODAY ("Plaintiff") on July 21, 2026, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendants respond to the Complaint in like numbered paragraphs as follows:

1. The allegations in this paragraph constitute Plaintiff's characterization of this action and its requested relief under the FOIA, to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiff purports to bring this action under FOIA and denies the remaining allegations. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

## PARTIES[1]

2. This paragraph consists of Plaintiff's characterization of itself, to which no response is required. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

[1] For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

3. Defendants admit that ICE is a component of DHS and is an agency subject to FOIA.

4. Defendants admit that DHS is a federal agency subject to FOIA and that ICE is a component of DHS.

## JURISDICTION AND VENUE

5. This paragraph contains legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has jurisdiction over certain FOIA claims subject to the terms and limitations of FOIA and 28 U.S.C. § 1331.

6. This paragraph contains legal conclusions regarding venue, to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## APRIL 9, 2026 FOIA REQUEST TO ICE (MORTALITY REVIEW)

7. Defendants admit that Plaintiff submitted a FOIA request to ICE on or about April 9, 2026, seeking the disclosure of certain records. Defendants respectfully refer the Court to Exhibit 1 of the Complaint for a complete and accurate statement of the request's contents and deny any allegations inconsistent therewith.

8. Defendants admit that Exhibit 1 appears to be a copy of the FOIA request referenced in Paragraph 7. Defendants respectfully refer the Court to Exhibit 1 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

9. Defendants admit that FOIA request number 2026-ICFO-23358 was assigned to the request referenced in Paragraph 7 and that the request was placed on the "Simple" processing

track. Defendants respectfully refer the Court to Exhibit 1 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

10. Defendants admit that, as of the filing of the Complaint, ICE had not issued a final response to FOIA request number 2026-ICFO-23358. The remaining allegations consist of legal conclusions and Plaintiff's characterization of the applicable statutory deadline, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

11. Defendants admit that, on or about May 1, 2026, Plaintiff submitted an administrative appeal concerning FOIA request number 2026-ICFO-23358. The remainder of this paragraph contains legal conclusions and Plaintiff's characterization of constructive denial and exhaustion requirements, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

12. Defendants admit that Exhibit 2 appears to be a copy of Plaintiff's May 1, 2026 administrative appeal concerning FOIA request number 2026-ICFO-23358. Defendants respectfully refer the Court to Exhibit 2 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

13. Defendants admit that, on or about May 4, 2026, ICE acknowledged receipt of Plaintiff's administrative appeal concerning FOIA request number 2026-ICFO-23358 and assigned appeal number 2026-ICAP-00318 to the matter.

14. Defendants admit that Exhibit 3 appears to be a copy of ICE's acknowledgment concerning appeal number 2026-ICAP-00318. Defendants respectfully refer the Court to Exhibit 3 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

15. Defendants admit that, on or about May 8, 2026, Plaintiff sent correspondence seeking status information concerning several FOIA matters, including FOIA request number 2026-ICFO-23358. Defendants respectfully refer the Court to Exhibit 4 for a complete and accurate statement of the correspondence and deny any allegations inconsistent therewith.

16. Defendants admit that Exhibit 4 appears to contain correspondence concerning several FOIA matters, including FOIA request numbers 2026-ICFO-23358 and 2026-ICFO-23361. Defendants respectfully refer the Court to Exhibit 4 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

17. Defendants admit that, on or about May 12, 2026, it responded to Plaintiff's May 8, 2026 correspondence and advised Plaintiff, with respect to appeal number 2026-ICAP-00318, to contact the Office of the Principal Legal Advisor, Government Information Law Division. Defendants respectfully refer the Court to Exhibit 4 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

18. Defendants admit that, on or about May 28, 2026, ICE's Office of the Principal Legal Advisor responded to Plaintiff's administrative appeal concerning FOIA request number 2026-ICFO-23358 and appeal number 2026-ICAP-00318, stating that ICE was still in the process of responding to the request, and administratively closed the appeal. Defendants respectfully refer the Court to Exhibit 5 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

19. Defendants admit that Exhibit 5 appears to be a copy of ICE's May 28, 2026 response concerning appeal number 2026-ICAP-00318 and FOIA request number 2026-ICFO-23358. Defendants respectfully refer the Court to Exhibit 5 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

20. Defendants admit that, on or about June 8, 2026, ICE sent Plaintiff correspondence acknowledging receipt of FOIA request number 2026-ICFO-23358 and invoking a ten-day extension. Defendants respectfully refer the Court to Exhibit 6 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

21. Defendants admit that Exhibit 6 appears to be a copy of ICE's June 8, 2026 acknowledgment letter concerning FOIA request number 2026-ICFO-23358. Defendants respectfully refer the Court to Exhibit 6 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

22. Defendants admit that, as of the filing of the Complaint, they had not sent further correspondence to Plaintiff regarding FOIA request number 2026-ICFO-23358 after the June 8, 2026 correspondence reflected in Exhibit 6.

23. Defendants admit that, as of the filing of the Complaint, ICE has not yet issued a final response to FOIA request number 2026-ICFO-23358.

24. Defendants admit that, as of the filing of the Complaint, ICE has not yet made a final production of records in response to FOIA request number 2026-ICFO-23358.

**APRIL 9, 2026 FOIA REQUEST TO ICE (MEDICAL RECORDS/VIDEO)**

25. Defendants admit that Plaintiff submitted a FOIA request to ICE on or about April 9, 2026, seeking the disclosure of certain records. Defendants respectfully refer the Court to Exhibit 7 of the Complaint for a complete and accurate statement of the request's contents and deny any allegations inconsistent therewith.

26. Defendants admit that Exhibit 7 appears to be a copy of the FOIA request referenced in Paragraph 25. Defendants respectfully refer the Court to Exhibit 7 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

27. Defendants admit that FOIA request number 2026-ICFO-23361 was assigned to the request referenced in Paragraph 25 and that the request was placed on the "Complex" processing track. Defendants respectfully refer the Court to Exhibit 7 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

28. Defendants admit that, as of the filing of the Complaint, ICE had not issued a final response to FOIA request number 2026-ICFO-23361. The remaining allegations consist of legal conclusions and Plaintiff's characterization of the applicable statutory deadline, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

29. Defendants admit that, on or about May 1, 2026, Plaintiff submitted an administrative appeal concerning FOIA request number 2026-ICFO-23361. The remainder of this paragraph contains legal conclusions and Plaintiff's characterization of constructive denial and exhaustion requirements, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

30. Defendants admit that Exhibit 8 appears to be a copy of Plaintiff's May 1, 2026 administrative appeal concerning FOIA request number 2026-ICFO-23361. Defendants respectfully refer the Court to Exhibit 8 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

31. Defendants admit that, on or about May 4, 2026, ICE acknowledged receipt of Plaintiff's administrative appeal concerning FOIA request number 2026-ICFO-23361 and assigned appeal number 2026-ICAP-00319 to the matter.

32. Defendants admit that Exhibit 9 appears to be a copy of ICE's acknowledgment concerning appeal number 2026-ICAP-00319. Defendants respectfully refer the Court to Exhibit

9 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

33. Defendants admit that, on or about May 8, 2026, Plaintiff sent correspondence to ICE seeking status information concerning several FOIA matters, including FOIA request number 2026-ICFO-23361. Defendants respectfully refer the Court to Exhibit 4 for a complete and accurate statement of the correspondence and deny any allegations inconsistent therewith.

34. Defendants admit that, on or about May 12, 2026, ICE responded to Plaintiff's May 8, 2026 correspondence and advised Plaintiff, with respect to appeal number 2026-ICAP-00319, to contact the Office of the Principal Legal Advisor, Government Information Law Division. Defendants respectfully refer the Court to Exhibit 4 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

35. Defendants admit that, on or about May 28, 2026, ICE's Office of the Principal Legal Advisor responded to Plaintiff's administrative appeal concerning FOIA request number 2026-ICFO-23361 and appeal number 2026-ICAP-00319, stated that ICE was still in the process of responding to the request, and administratively closed the appeal. Defendants respectfully refer the Court to Exhibit 10 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

36. Defendants admit that Exhibit 10 appears to be a copy of ICE's May 28, 2026 response concerning appeal number 2026-ICAP-00319 and FOIA request number 2026-ICFO-23361. Defendants respectfully refer the Court to Exhibit 10 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

37. Defendants admit that, on or about June 8, 2026, ICE sent Plaintiff correspondence acknowledging receipt of FOIA request number 2026-ICFO-23361 and invoking a ten-day

extension. Defendants respectfully refer the Court to Exhibit 11 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

38. Defendants admit that Exhibit 11 appears to be a copy of ICE's June 8, 2026 acknowledgment letter concerning FOIA request number 2026-ICFO-23361. Defendants respectfully refer the Court to Exhibit 11 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

39. Defendants admit that, as of the filing of the Complaint, it had not sent further correspondence to Plaintiff regarding FOIA request number 2026-ICFO-23361 after the June 8, 2026 correspondence reflected in Exhibit 11.

40. Defendants admit that, as of the filing of the Complaint, ICE had not issued a final response to FOIA request number 2026-ICFO-23361. The remainder of this paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

41. Defendants admit that, as of the filing of the Complaint, ICE has not yet made a final production of records in response to FOIA request number 2026-ICFO-23361. The remainder of this paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

**COUNT I – ICE'S FOIA VIOLATION**
**APRIL 9, 2026 REQUEST TO ICE (MORTALITY REVIEW)**

42. Defendants restate and incorporate by reference their responses to Paragraphs 1 through 41 as if fully stated herein.

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiff submitted FOIA request number 2026-ICFO-23358 to ICE. Defendants deny the remaining allegations.

44. Defendants admit that ICE is a federal agency subject to FOIA.

45. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants admit that, as of the filing of the Complaint, ICE had not issued a final response to FOIA request number 2026-ICFO-23358. The remainder of this paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

48. Defendants admit that, as of the filing of the Complaint, ICE has not yet made a final production of records in response to FOIA request number 2026-ICFO-23358. Defendants deny the remaining allegations.

**COUNT II – ICE'S FOIA VIOLATION**
**APRIL 9, 2026 REQUEST TO ICE (MEDICAL RECORDS/VIDEO)**

49. Defendants restate and incorporate by reference their responses to Paragraphs 1 through 48 as if fully stated herein. To the extent Paragraph 49 purports to incorporate itself, no response is required.

50. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiff submitted FOIA request number 2026-ICFO-23361 to ICE. Defendants deny the remaining allegations.

51. Defendants admit that ICE is a federal agency subject to FOIA.

52. This paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

53. Defendants deny the allegations in this paragraph.

54. Defendants admit that, as of the filing of the Complaint, ICE has not yet issued a final response to FOIA request number 2026-ICFO-23361. The remainder of this paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

55. Defendants admit that, as of the filing of the Complaint, ICE has not yet made a final production of records in response to FOIA request number 2026-ICFO-23361. Defendants deny the remaining allegations.

## REQUESTED RELIEF

The remaining portion of the Complaint, including subparts (i) through (v), consists of Plaintiff's requests for relief to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested.

## DEFENSES

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of litigation. Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

### FIRST DEFENSE

1. Plaintiff is not entitled to compel production of information exempt from disclosure by one or more exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

### SECOND DEFENSE

2. FOIA does not provide for declaratory relief against a federal agency.

**THIRD DEFENSE**

3. Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**FOURTH DEFENSE**

4. This Court lacks subject-matter jurisdiction to the extent Plaintiff's request for relief exceeds that authorized by FOIA.

**FIFTH DEFENSE**

5. Defendants have not improperly withheld records requested by Plaintiff under FOIA.

**SIXTH DEFENSE**

6. Defendants' actions or inactions did not violate FOIA or any other statutory or regulatory provision.

**SEVENTH DEFENSE**

7. Plaintiff is neither eligible for or entitled to attorneys' fees and costs.

**EIGHTH DEFENSE**

8. At all times, Defendants acted in accordance with the law.

**NINTH DEFENSE**

9. To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a

FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

* * *

Dated: August 20, 2026
Washington, D.C.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *\/s/ Robert J. Morris, II*

ROBERT J. MORRIS, II
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2534
robert.morris@usdoj.gov

*Attorneys for the United States of America*